

NOT FOR PUBLICATION

FILED

JUL 29 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: PETER F. BRONSON and SHERRI L. BRONSON, <br><br>         Debtors, <br><br>———————————————<br><br> PETER F. BRONSON and SHERRI L. BRONSON, <br><br>         Appellants, <br><br>   v. <br><br> THOMAS M. THOMPSON, <br><br>         Appellee. | No. 13-60089 <br><br> BAP No. 12-1368 <br><br><br> MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Markell, Dunn, and Jury, Bankruptcy Judges, Presiding

Submitted July 27, 2015[**]
San Francisco, California

Before: D.W. NELSON, CANBY, and NOONAN, Circuit Judges.

———————————————

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Peter and Sherri Bronson appeal pro se the decision of the Bankruptcy Appellate Panel dismissing as moot their appeal from the bankruptcy court's denial of their Fed. R. Civ. P. 60(b) motion for reconsideration of an order granting relief from the automatic stay. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review de novo the BAP's mootness determination, *Nat'l Mass Media Telecomm. Sys., Inc. v. Stanley (In re Nat'l Mass Media Telecomm. Sys., Inc.)*, 152 F.3d 1178, 1180 (9th Cir. 1998), and we affirm.

Bankruptcy's mootness rule applies when a debtor has failed to obtain a stay from an order permitting sale of an asset. *In re Onouli-Kona Land Co.*, 846 F.2d 1170, 1171 (9th Cir. 1988). Here, the Bronsons failed to obtain a stay from the bankruptcy court's 2008 order permitting Thompson to foreclose on the office building, and have failed to show that any exception to the mootness rule applies to their case. *See id.* at 1172-73. Consequently, we dismiss this appeal as moot.

**DISMISSED.**